JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-07051-MWF (VBKx)          **Date:  January 22, 2014**
Title:     Rudis W. Flores, et al. -*v*- Wells Fargo Bank, N.A., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                           Court Reporter:
          Julieta Lozano                          Not Reported

          Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
          None Present                            None Present

**Proceedings (In Chambers):**   ORDER REMANDING ACTION, AND DENYING
                                    MOTION TO DISMISS AS MOOT [4]

      On August 20, 2013, Plaintiffs Rudis W. Flores and Marylou Flores initiated this
action by filing a Complaint in Los Angeles County Superior Court.  (Docket No. 1,
Ex. A).  On September 23, 2013, Defendants Wells Fargo Bank, N.A. ("Wells Fargo"),
and Golden West Savings Association Service Co. removed this action to this Court
(the "Removal").  (Docket No. 1).  On September 30, 2013, Defendants filed a Motion
to Dismiss.  (Docket No. 4).

      On September 30, 2013, this Court stayed this action and withheld ruling on
subject matter jurisdiction because the issue of Wells Fargo's citizenship was on
appeal before the Ninth Circuit in *Rouse v. Wachovia Mortgage, FSB*, Case No. 12-
55278 ("*Rouse*").  (Docket No. 6).  The Court also took Defendants' motion to dismiss
off calendar until it ruled on subject matter jurisdiction.  (Docket No. 7).

      Although oral arguments were initially scheduled in *Rouse*, the appeal was
ultimately submitted on the briefs to the Ninth Circuit on November 5, 2013.  Not
knowing when the Ninth Circuit will rule in *Rouse*, the Court now determines subject
matter jurisdiction so that litigation may proceed.

      This Court has a *sua sponte* obligation to confirm that it has subject matter
jurisdiction over a removed action.  *See United Investors Life Ins. Co. v. Waddell &
Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (explaining that a district court has the
power to remand a case *sua sponte* when it lacks subject matter jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-07051-MWF (VBKx)            Date:  January 22, 2014

Title:       Rudis W. Flores, et al. -v- Wells Fargo Bank, N.A., et al.

Defendants assert federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  (*See* Removal at 2).  It appears that the amount in controversy requirement is satisfied.  (*See* Removal at 16-18).  However, the real parties in interest, Plaintiffs and Wells Fargo, are not diverse.

Wells Fargo is a national banking association, and its main office (according to its articles of association) is located in South Dakota.  (*See* Removal at 3).  Consequently, Wells Fargo argues that, for purposes of diversity under 28 U.S.C. § 1332, it is a citizen of South Dakota, and only, South Dakota.  (*See id.*).

"However, [28 U.S.C. § 1348] does not define where national banks are 'located' for purposes of jurisdiction, nor is such a definition obvious."  *Martinez v. Wells Fargo Bank*, 946 F. Supp. 2d 1010, 1013 (N.D. Cal. 2013).  The United States Supreme Court has "rejected an interpretation of § 1348 that national banks are citizens of every state in which they have a branch and instead determined 'that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located.'"  *Id.* (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006)).  But the Supreme Court "did not reach the question of whether a national bank may *also* be a citizen of the state in which its principal place of business is located, specifically leaving that question unresolved."  *Id.* at 1013-14 (citing *Schmidt*, 546 U.S. at 317 n.9) (emphasis in original).

In sum, "*Schmidt* left open the door to either of two interpretations, that a national bank is a citizen of: (1) only its state of association (the state in which its main office is listed in its articles of association); or (2) both its state of association and the state in which its principal place of business is located."  *Id.* at 1014 (citation omitted); *see also Am. Surety Co. v. Bank of Cal.*, 133 F.2d 160, 162 (9th Cir. 1943) ("[T]he States in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained." (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-13-07051-MWF (VBKx)             Date:  January 22, 2014**

Title:       Rudis W. Flores, et al. -*v*- Wells Fargo Bank, N.A., et al.

The district courts in the Ninth Circuit are divided on this issue.  In *Martinez*, for example, the district court "conclude[d] *American Surety* remains binding precedent and join[ed] the ranks of an increasing number of courts within the Ninth Circuit so holding."  *Martinez*, 946 F. Supp. 2d at 1017 (citing cases).  As a result, the district court found that Wells Fargo was a citizen of California where its principal place of business is located, and remanded the case for lack of diversity jurisdiction.  *Id.* at 1024.

This Court joins the ranks of courts cited in *Martinez* and finds that Wells Fargo is a citizen of both California and South Dakota.  Because Plaintiffs are also citizens of California (*see* Removal at 2), the real parties in interest in this action are not diverse, and this Court lacks subject matter jurisdiction.

Accordingly, the Court **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles, and **DENIES** the Motion to Dismiss (Docket No. 4) as moot.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.